**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MICHELLE SWEENEY, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-3353 |
| v. | ) ) ) | **CLASS ACTION COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| COSTCO WHOLESALE CORPORATION, | ) ) | |
| Defendant. | ) | |

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff Michelle Sweeney ("Plaintiff"), through her undersigned attorneys, Barbat Mansour & Suciu PLLC, Berger & Montague, P.C., Greg Coleman Law PC, and Taus, Cebulash & Landau, LLP, brings this Class Action Complaint against Defendant Costco Wholesale Corporation ("Costco" or "Defendant"), individually and on behalf of all others similarly situated, and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.      This is a class action brought by Plaintiff on behalf of all persons in the below-defined proposed Classes who purchased Trunature milk thistle herbal supplements, including, Trunature Milk Thistle ("Trunature MT") and Trunature Liver Health Complex (collectively, the "Products") from Costco.

2.      "One of the fastest growing industries in the world is the nutritional supplement group, or more broadly known as Vitamins, Minerals and Supplements, or VMS.  Producing about $32 billion in revenue for just nutritional supplements alone in 2012, it is projected to double that

by topping $60 billion in 2021 according to the Nutritional Business Journal."[1]

3.       In order to reap substantial profits from the sale of nutritional supplements, many companies, including Costco, cut corners to keep manufacturing costs low for their products.

4.       Unbeknownst to Plaintiff and Class members, who relied upon Costco's labeling, the supplement Products sold by Costco contained just a fraction of the advertised amount of silymarin – the main component of milk thistle seeds - listed on the labels.

5.       Despite having knowledge that the Products' labeling is deceptive, misleading and constitutes a fraud on consumers, Costco continues to advertise, distribute, label, name, manufacture, market, and sell the Products in a false, misleading, unfair, and/or deceptive manner.

6.       As a result of Costco's unlawful and deceptive conduct, Plaintiff and the Class seek actual damages, injunctive and declaratory relief, interest, costs, and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7.       This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d), Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Defendant's states of citizenship.

8.       This Court may exercise jurisdiction over Defendant because Defendant is authorized to do business and in fact does business in this District and has sufficient minimum contacts in this District and/or intentionally avails itself of the markets in this State through the promotion, sale, marketing, and distribution of its products, such that the exercise of jurisdiction by this Court is both proper and necessary.

---

[1]  *Nutritional Supplements Flexing Muscles As Growth Industry*, FORBES, http://www.forbes.com/sites/davidlariviere/2013/04/18/nutritional-supplements-flexing-their-muscles-as-growth-industry/ (last visited on June 2, 2017).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and because Defendant transacts business and/or has agents in this District.

## PARTIES

10.     Plaintiff Michelle Sweeney is a resident of Plainview, New York.  Plaintiff purchased Trunature Liver Health Complex with Milk Thistle in January 2016 from Costco's online store.

11.     Defendant Costco is a Washington corporation with a principal place of business located at 999 Lake Drive, Issaquah, WA 98027.  As of August 2016, Costco, a publicly traded corporation, owned and operated over 400 warehouses throughout the United States and Puerto Rico.

12.     Costco trademarked the name "Trunature."

13.     Plaintiff reasonably relied on Costco's labeling, marketing and advertising in purchasing Trunature Liver Health Complex.  Plaintiff purchased and used Trunature Liver Health Complex in reliance on Costco's misrepresentations and omissions.  If Plaintiff had known that the product did not contain the promised ingredients as advertised and/or was not potent as advertised and labeled, she would not have purchased the product or would have paid less for it.

14.     As a result of Costco's actions, Plaintiff and the Class did not receive the benefit of the bargain, suffered out-of-pocket losses and are entitled to restitution.  Plaintiff and the Class have suffered injury-in-fact, damages and ascertainable losses of money or property by paying a premium to purchase Costco's Trunature Liver Health Complex based on Costco's inaccurate statements, for which they are entitled to seek monetary damages and other appropriate relief as set forth herein.

## GENERAL ALLEGATIONS

15.     The seeds of the milk thistle plant (*Silybum marianum*), a flowering herb related to the daisy and ragweed family, are used medicinally.  Silymarin is the main active ingredient in milk thistle.

16.     Consumers use milk thistle – silymarin - for a number of reasons, including as a natural treatment for liver problems such as cirrhosis, jaundice, hepatitis and gallbladder disorder. Dr. Oz's website lists milk thistle as one of the 5 Liver Detox Superfoods as follows: "[m]ilk thistle seeds are most commonly used to treat, repair, and heal the liver.  You can either drink a couple of cups of milk thistle tea every day, or take 140 mg of milk thistle supplement twice a day."[2]

### *Costco's False and Misleading Claims regarding the Products*

17.     Costco makes numerous representations on the label of Trunature Liver Health Complex, including the claim that two tablets (one serving) of the complex contain "Milk Thistle (Silybum marianum) extract (seed) 500 mg (standardized for 80% [400 mg] silymarin)."

---

[2] http://www.doctoroz.com/gallery/5-liver-detox-superfoods?gallery=true&page=5 (last visited on June 2, 2017).





18.     Costco makes similar representations on the label of Trunature MT, including the claim that one softgel (one serving) of Trunature MT contains "Milk Thistle Extract (Silybum marianum) (seed) 200 mg (standardized to 80% [160 mg] silymarin)."





19.     A reasonable consumer would expect, as Plaintiff did, that the label statements regarding the quantity of ingredients in and the purity of the Products would be truthful and not deceptive and misleading.

20.     Plaintiff's counsel commissioned an independent laboratory analysis of the Products. The testing facility found that the Products contained only a fraction of the promised amounts of silymarin as follows:

> Trunature Liver Health Complex contained 203 mg silymarins, which is **only slightly more than half** - 51% - of the promised amount of silymarin and **less than half** – 41% - of the promised amount of the extract.

> Trunature MT contained only 83.4 mg silymarins, which is **only slightly more than half** - 52% - of the promised amount of silymarin and **less than half** - 42% - of the promised amount of the extract.

21.     Costco failed to disclose the true quantity of silymarins contained in the Products.

22.     The use of milk thistle for liver health has scarce, if any, reliable scientific support through human clinical studies. With Costco's extremely low dosing of the active ingredient, Silymarin, there is no clinical benefit to the Products for liver health, and therefore the Products are useless.

23.     As a result of Costco's practices, Plaintiff and Class members purchased a product that they would otherwise not have purchased and/or paid more for a milk thistle product than they would otherwise have paid.

24.     As shown in the pictures below of Costco's labeling, Costco also falsely claims to guarantee the potency of the Products:





25.    Because the Products did not contain the promised quantity of silymarins, Costco's claims regarding potency are false and misleading.

26.     Pursuant to 21 U.S.C. § 321(ff), Costco's Products constitute "food" regulated by the FDCA, 21 U.S.C. § 301, *et seq.*, and other FDCA regulations.

27.     Costco's false, deceptive and misleading label statements violate 21 U.S.C. § 343(a)(1) and the so-called "little FDCA" statutes adopted by many states,[3] that deem food misbranded when "its labeling is false or misleading in any particular."

28.     Costco's false, deceptive and misleading label statements are unlawful under state Unfair and Deceptive Acts and Practices Statutes and/or Consumer Protection Acts that prohibit unfair, deceptive or unconscionable acts in the conduct of trade or commerce.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action individually and as representatives of all those similarly situated pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on behalf of the below-defined Classes:

>       **National Class:** All persons in the United States that purchased the Products.

>       **New York Subclass:** All persons in the State of New York that purchased the Products.

Excluded from the Classes are Costco and its affiliates, parents, subsidiaries, employees, officers, agents, and directors.  Also excluded are any judicial officers presiding over this matter and members of their immediate families and judicial staff.

30.     Certification of Plaintiff's claims is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31.     **Numerosity –** The members of the Classes are so numerous that their individual

---

[3] *See, e.g.*, N.Y. Agric. & Mkts. Law § 201 (McKinney).

joinder herein is impracticable. The precise number of Class members is currently unknown but Class members who purchased the products may be ascertained from Costco's books and records and/or Class members can objectively identify whether they purchased the Products. Class members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

32. **Commonality and Predominance –** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include:

     a. Whether the Products were sold in containers with labels identifying the Products as containing a particular quantity of silymarin;

     b. Whether the Products were sold in containers with labels guaranteeing potency of the Products;

     c. The true amount of silymarins contained in the Products;

     d. Whether the Products were potent;

     e. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

     f. Whether Costco's actions violate the state consumer fraud statute invoked below;

     g. Whether Costco was unjustly enriched at the expense of Plaintiff and Class members; and

     h. Whether Costco breached an express warranty to Plaintiff and Class members.

33. Costco engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by

comparison, in both quality and quantity, to the numerous common questions that predominate in this action.

34.     **Typicality –** Plaintiff's claims are typical of the claims of the Class members because, among other things, all Class members were comparably injured through Costco's uniform misconduct described above.  Further, there are no defenses available to Costco that are unique to Plaintiff.

35.     **Adequacy of Representation –** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class members she seeks to represent, she has retained counsel competent and experienced in complex class action litigation, and she will prosecute this action vigorously.  The Classes' interests will be fairly and adequately protected by Plaintiff and her counsel, who are experienced in consumer law and class action law.

36.     **Insufficiency of Separate Actions –** Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

37.     **Declaratory and Injunctive Relief –** Costco has acted or refused to act on grounds generally applicable to Plaintiff and the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

38.     **Superiority –** A class action is superior to any other available means for the fair

and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS ALLEGED

### COUNT I

**Violation Of New York's General Business Law**
**N.Y. Gen. Bus. Law § 349**

**(On Behalf Of The New York Subclass)**

39.     Plaintiff realleges all allegations above as if fully set forth herein.

40.     Costco's business acts and practices alleged herein constitute deceptive acts or practices under the New York General Business Law, Deceptive Acts and Practices, N.Y. Gen. Bus. Law 349 ("NYGBL").

41.     Costco's practices, described throughout this Complaint, violate the NYGBL for, *inter alia*, one or more of the following reasons:

    a.     Costco unfairly and deceptively misrepresented the benefits and quality of
           its Products to its customers;

       b.     Costco unfairly and deceptively advertised the actual quantity of ingredients of the Products; and

       c.     Costco unfairly and deceptively omitted that the Products contained less silymarin than advertised.

42.     Costco's conduct was also deceptive in that it violated the prohibition against false or misleading labeling in New York's Agriculture and Markets law, N.Y. Agric. & Mkts. Law § 1, *et seq.*

43.     Costco's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton, and outrageous such as to shock the conscience of the community and warrant punitive damages.

44.     Costco's actions impact the public interest because Plaintiff and Class members were injured in exactly the same way as thousands of others purchasing the herbal supplements with silymarin as a result of and pursuant to Costco's generalized course of deception.

45.     The foregoing acts, omissions and practices proximately caused Plaintiff and the other members of the New York Subclass to suffer ascertainable losses, in an amount to be determined at trial, and Plaintiff and the Subclass are entitled to recover such damages, together with all other appropriate damages, attorneys' fees and costs of suit.

## COUNT II

**Breach Of Express Warranty**
**(On Behalf Of The National Class and New York Subclass)**

46.     Plaintiff realleges all allegations above as if fully set forth herein.

47.     Plaintiff and Class members formed a contract with Costco at the time they purchased the Products.  The terms of the contract include the promises and affirmations of fact made by Costco on the Products' packaging and through marketing and advertising, as described

above.  This labeling, marketing and advertising constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and Class members, and Costco.

48.     Costco purports through advertising, labeling, marketing and packaging to create an express warranty that the Products contained specific quantities of silymarins and guaranteed the potency of the product.

49.     Plaintiff and the Class members performed all conditions precedent to Costco's liability under this contract when they purchased the Products.

50.     Costco breached express warranties about the Products and its qualities because its statements about the Products were false and the Products do not conform to Costco's affirmations and promises as set forth above.

51.     Plaintiff and Class members would not have purchased the Products had they known the true nature of the Products' ingredients and what the Products contained.

52.     As a result of Costco's breach of express warranty, Plaintiff and Class members have been damaged in the amount of the purchase price of the Product and any consequential damages resulting from the purchases.

53.     Within a reasonable time after she knew or should have known of such breach, Plaintiff, on behalf of herself and Class members, provided notice to Costco.

## COUNT III

### Breach of Implied Warranty
### (On Behalf of the National Class and New York Subclass)

54.     Plaintiff realleges all allegations above as if fully set forth herein.

55.     Costco is in the business of selling supplements to consumers such as Plaintiff and Class members, including, but not limited to, supplement products with silymarin.

56.     Plaintiff and Class members purchased one of more supplements labeled with a specific quantity of silymarin.

57.     At all times herein mentioned, Costco manufactured, tested, advertised, promoted, marketed, sold and/or distributed these supplements.

58.     At the time Costco designed, researched, manufactured, tested, advertised, promoted, marketed, sold and/or distributed the supplements for use by Plaintiff and Class members, it knew of the uses for which the supplements were intended, and impliedly warranted the Products to be of merchantable quality.

59.     Costco's representations and warranties were false, misleading, and inaccurate, in that the supplements were not of merchantable quality because the products were defective, would not pass without objection in the trade, were not fit for ordinary purposes, and did not conform the promises on labeling.

60.     Plaintiff and the Class reasonably relied on said implied warranty of merchantability.

61.     Plaintiff and the Class reasonably relied on the skill and judgment of Costco as to whether the supplements were of merchantable quality.

62.     The supplements were injected into the stream of commerce by Costco despite the fact that the supplements were expected to and did reach users, handlers, and persons coming into contact with the products without substantial change in the condition in which they were sold.

63.     Costco breached its implied warranties, because the products were defective, could not deliver on the advertised claims, would not pass without objection in the trade, and were not fit for ordinary purposes.

64.     As a direct and proximate result of Costco's breach of implied warranties, Plaintiff

and Class members suffered and/or will continue to be harmed and suffer economic loss.

65.     As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff and Class members have suffered damages, and are entitled to compensatory damages, costs and reasonable attorneys' fees.

## COUNT IV

### Unjust Enrichment
### (In The Alternative And On Behalf Of The National Class and New York Subclass)

66.     Plaintiff realleges all allegations above as if fully set forth herein.

67.     Plaintiff and Class members conferred benefits on Costco by purchasing the Products.

68.     Costco has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Products.  Retention of those monies under the circumstances is unjust and inequitable because Costco's labeling of the Products was misleading to consumers, which caused injuries to Plaintiff and Class members because they would have not purchased the Products if the true facts were known.

69.     Because Costco's retention of the benefits conferred on them by Plaintiff and Class members are unjust and inequitable, it must pay restitution to Plaintiff and Class members for its unjust enrichment as ordered by the Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and Class members respectfully request that the Court:

A.     Certify the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Classes in an amount to be determined at trial;

C.    Award Plaintiff and the Classes their expenses and costs of suit, prejudgment interest, post-judgment interest, and reasonable attorneys' fees;

D.    Grant restitution to Plaintiff and the Classes and require Defendant to disgorge its ill-gotten gains;

E.    Permanently enjoin Defendant from engaging in the unlawful conduct set forth herein; and

F.    Grant any and all such other relief as the Court deems appropriate.


Dated: June 5, 2017                              Respectfully submitted,

                                                 /s/ Kevin Landau
                                                 Kevin Landau
                                                 Miles Greaves
                                                 **TAUS, CEBULASH & LANDAU, LLP**
                                                 80 Maiden Lane, Suite 1204
                                                 New York, NY 10038
                                                 Tel: (646) 873-7654
                                                 klandau@tcllaw.com
                                                 mgreaves@tcllaw.com

                                                 Shanon J. Carson
                                                 Arthur Stock
                                                 Shoshana Savett
                                                 **BERGER & MONTAGUE, P.C.**
                                                 1622 Locust Street
                                                 Philadelphia, PA 19103
                                                 Tel:  (215) 875-3000
                                                 Fax: (215) 875-4604
                                                 scarson@bm.net
                                                 astock@bm.net
                                                 stsavett@bm.net

                                                 Nick Suciu III
                                                 **BARBAT, MANSOUR & SUCIU PLLC**
                                                 1644 Bracken Rd.
                                                 Bloomfield Hills, MI 48302
                                                 Tel: (313) 303-3472

Fax: (248) 698-8634
nicksuciu@bmslawyers.com

Greg Coleman
**GREG COLEMAN LAW**
800 S. Gay Street, Suite 110
Knoxville, Tennessee  37929
Tel:  (865) 247-0080
greg@gregcolemanlaw.com

*Counsel for Plaintiff and
the Proposed Classes*